**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | **CASE NO. 10-07479 BKT** |
| | **Chapter 7** |
| **BEL AIR INDUSTRIES OF PR INC** | |
| | **Adversary No. 12-0337** |
| **Debtor(s)** | |
| **NOREEN WISCOVITCH RENTAS, TRUSTEE** | |
| **Plaintiff** | |
| **vs.** | |
| **H KELLER TRADING CORP** | **FILED & ENTERED ON 10/23/2013** |
| **Defendants** | |

### <u>OPINION AND ORDER</u>

Before this court the motion for summary judgment filed by Noreen Wiscovitch Rentas, in her capacity as Trustee for the Estate of Bel Air Industries of PR Inc. [Dkt. No. 24]; and Defendant H. Keller Trading Corp.'s opposition to the Trustee's motion for summary judgment [Dkt. No. 25]. For the reasons set forth below, the motion for summary judgment is DENIED.

On August 17, 2012, the Trustee filed the captioned adversary proceeding to avoid a preferential payment under 11 U.S.C. §547, and recover the amount paid. The Trustee filed a motion for summary judgment [Dkt No. 24] seeking to avoid and recover the amount of $6,521.93, which was purportedly paid by the Debtor to the Defendant within 90 days of the filing of the petition. In

the opposition to the motion for summary judgment [Dkt. No. 25], Defendant accepts that at least some payments were made by Debtor and received within the 90 days of the filing of the petition, but for a reduced amount. Defendant also argues that the payments in question were made in the ordinary course of business.

Under Federal Rule of Civil Procedure 56(c), made applicable in bankruptcy by Federal Rule of Bankruptcy Procedure 7056, summary judgment is available if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 4 (1st Cir. 2010). As to issues on which the movant, at trial, would be compelled to carry the burden of proof, it must identify those portions of the pleadings which it believes demonstrates that there is no genuine issue of material fact. In re Edgardo Ryan Rijos & Julia E. Cruz Nieves v. Banco Bilbao Vizcaya & Citibank (In re Rijos), 263 B.R. 382, 388 (B.A.P. 1st Cir. 2001). A fact is deemed "material" if it potentially could affect the outcome of the suit. Borges at 5. Moreover, there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." Id. at 4. The Court must view the evidence in a light most favorable to the nonmoving party. Alt. Sys. Concepts, Inc. v. Synopsys, Inc., 374 F.3d 23, 26 (1st Cir. 2004). Therefore, summary judgment is "inappropriate if inferences are necessary for the judgment and those inferences are not mandated by the record." Rijos at 388.

In the motion for summary judgment presently before this Court, pertinent facts are in controversy. First, the parties are in disagreement with regards to the amount of the payments made by the Debtor and received by Defendant. The complaint refers to payments in the amount of

$6,711.77, while the summary judgment states that the correct amount is $6,521.93. In turn, Defendant argues in its answer to the complaint that the payments amount to $4,891.00. Still, in the answer to the summary judgment Defendant makes reference to payments up to $7,418.77. Second, the court must determine if the payments in controversy fall within the scope of 11 U.S.C §547(b), or if, as asserted by the Defendant, the payments were made under the ordinary course of business exception contemplated in 1 U.S.C. §547(c)(2).  At this point, the court has not been put in a position where it can evaluate and conclude the legitimacy of either party's allegations. Further proceedings are required in order to consider evidence from both parties and reduce the controversies at hand. Therefore, summary judgment is not appropriate at this time.

WHEREFORE, IT IS ORDERED that the motion for summary judgment shall be, and hereby is, DENIED.

In San Juan, Puerto Rico this 23th day of October, 2013.

Brian K. Tester
U.S. Bankruptcy Judge