# IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: <br><br> BEL AIR INDUSTRIES OF PR INC <br><br><br> **Debtor(s)** | CASE NO. 10-07479 <br><br> Chapter 7 <br><br> Adversary No. 12-00337 |
| NOREEN WISCOVITCH RENTAS CHAPTER 7 TRUSTEE OF THE ESTATE OF BEL AIR INDUSTRIES OF PR INC <br><br> **Plaintiff** <br><br> vs. <br><br> H KELLER TRADING CORP <br><br><br> **Defendant(s)** | **FILED & ENTERED ON 01/31/2015** |

## AMENDED OPINION & ORDER

Before this Court is an Amended Motion Requesting Entry of Summary Judgment to the Honorable Court filed by Plaintiff, Bel Air Industries of PR Inc. represented by Noreen Wiscovitch Rentas a/k/a chapter 7 trustee of the Estate of Bel Air Industries of PR Inc ("Bel Air" or "Plaintiff") [Dkt. No. 56], Defendant's Opposition to Motion Requesting Summary Judgment filed by Defendant, H. Keller Trading Corp. ("H. Keller" or "Defendant") [Dkt. No. 59], Reply to Defendant's Opposition to Motion Requesting Summary Judgment filed by Plaintiff [Dkt. No. 62], and Opposition to Plaintiff's Reply to Defendant's Opposition to Motion Requesting Summary

Judgment filed by Defendant [Dkt. No. 68]. For the reasons set forth below, Plaintiff's Motion for Summary Judgment is DENIED, and the Complaint is DISMISSED with prejudice.

**I. Factual Background**

On August 17, 2012, the chapter 7 trustee, in representation of Bel Air, commenced this adversary proceeding in order to avoid alleged preferential payments to the Defendant. Bel Air filed for relief under chapter 7 of the Bankruptcy Code on August 18, 2010. In its adversary proceeding complaint, Bel Air argues that it made eight preferential transfers to Defendant during the preference period. The payments were made on May 17, 2010, June 8, 2010, July 1, 2010, July 2, 2014, July 7, 2010, July 26, 2010, July 27, 2010, and August 6, 2010. Bel Air argues that said payments meet all of the requirements of a preferential transfer under § 547 because: (1) the payments were made to a creditor; (2) the payments were on account of an antecedent debt, to wit, for products delivered prior to the payments being made; (3) while Debtor was insolvent; (4) during the 90 day preference; and (5) would allow the creditor to receive more than it would receive under a chapter 7 liquidation.

In response to the aforementioned, the Defendant raises the "ordinary course of business" defense and the "contemporaneous exchange" defense. As to the latter, Defendant argues that the "contemporaneous exchange" defense is applicable since the payments were made "cash on delivery." In the alternative, Defendant argues that the "ordinary course of business" defense applies. Defendant argues that said defense is applicable because: (1) the alleged preferential payment transfers were for the payment of a debt incurred by Bel Air in the ordinary course of business or financial affairs of both Bel Air and the Defendant; and (2) the alleged preferential payment transfers were made according to ordinary business terms. For the following reasons, the court agrees with the Defendant.

**II. Standard of Review**

The role of summary judgment is to look behind the facade of the pleadings and assay the parties' proof in order to determine whether a trial is required. Mulvihill v. Top-Flite Golf Co., 335 F.3d 15, 19 (1st Cir. 2003). Pursuant to Fed. R. Civ. P. Rule 56(c), made applicable in bankruptcy by Fed. R. Bankr. P. 7056, a summary judgment is available if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 4 (1st Cir. 2010). As to issues on which the Movant, at trial, would be compelled to carry the burden of proof, it must identify those portions of the pleadings which it believes demonstrates that there is no genuine issue of material fact. In re Edgardo Ryan Rijos & Julia E. Cruz Nieves v. Banco Bilbao Vizcaya & Citibank, 263 B.R. 382, 388 (B.A.P. 1st Cir. 2001). A fact is deemed "material" if it could potentially affect the outcome of the suit. Borges, 605 F.3d at 5. Moreover, there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." Id. at 4. The court must view the evidence in the light most favorable to the nonmoving party. Alt. Sys. Concepts, Inc. v. Synopsys, Inc., 374 F.3d 23, 26 (1st Cir. 2004).

Therefore, summary judgment is "inappropriate if inferences are necessary for the judgment and those inferences are not mandated by the record." Rijos, 263 B.R. at 388. Although this perspective is favorable to the nonmoving party, she still must demonstrate, "through submissions of evidentiary quality, that a trial worthy issue persists." Iverson v. City of Boston, 452 F.3d 94, 98 (1st

Cir. 2006). Moreover, "[o]n issues where the non Movant bears the ultimate burden of proof, [she] must present definite, competent evidence to rebut the motion." Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir.1991). These showings may not rest upon "conclusory allegations, improbable inferences, and unsupported speculation." Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir.1990). The evidence offered by the nonmoving party "cannot be merely colorable, but must be sufficiently probative to show differing versions of fact which justify a trial." Id.; See also Horta v. Sullivan, 4 F.3d 2, 7-8 (1st Cir. 1993) (holding that the materials attached to the motion for summary judgment must be admissible and usable at trial). "The mere existence of a scintilla of evidence" in the nonmoving party's favor is insufficient to defeat summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); González-Pina v. Rodríguez, 407 F.3d 425, 431 (1st Cir. 2005).

**III. Legal Analysis**

The main issues before the court are: (1) whether the Plaintiff may avoid the transfer of the alleged preferential payments; and (2) whether the "ordinary course of business" defense and/or the "contemporaneous exchange" defense applies. As to the avoidance of preferential transfers, in order for payments to be recoverable such payments must satisfy all of the requirements of 11 U.S.C. § 547(b). The Plaintiff bears the burden of proving the transfers were (1) to or for the benefit of a creditor; (2) for or on account of an antecedent debt owed by the debtor before such Transfers were made; (3) made while the debtor was insolvent; (4) on or within ninety (90) days before the date of filing of the petition; and (5) enabled the benefited creditor to receive more than such creditor would have received had the case been a chapter 7 liquidation and the creditor had not received the transfer. 11 U.S.C. § 547(b). This Court is satisfied per the evidence provided by the Plaintiff that Debtor's

payments to Defendant meet the criteria of § 547(b), and therefore are preferences as defined by the Code.

However, the fact that the payments are preferential does not necessarily mean that they may be avoided. 11 U.S.C. § 547(c). As previously mentioned, the Defendant brings up two possible defenses to the avoidance of preferences: the "ordinary course of business" defense and the "contemporaneous exchange" defense. As to the former, Section 542 provides that:

> (c) The trustee may not avoid under this section a transfer
>
> > (2) to the extent that such transfer was in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee, and such transfer was;
> >
> > > (A) made in the ordinary course of business or financial affairs of the debtor and the transferee; or
> > >
> > > (B) made according to ordinary business terms.

11 U.S.C. § 547(c). The purpose of the "ordinary course of business" exception "is to leave undisturbed normal financial relations, because it does not detract from the general policy of the preference section to discourage unusual action by either the debtor or [its] creditors during the debtor's slide into bankruptcy." In re PMC Mktg. Corp., 499 B.R. 214, 219 (Bankr. D.P.R. 2013). Creditors do not have to meet all three prongs under § 547(c)(2), but merely the first and second prongs or the first and third prongs. Id.

Under the first two prongs of §§ 547(c)(2) and 547(c)(2)(A), Defendant needs to demonstrate, by a preponderance of the evidence, that the specific transactions were ordinary as between the parties. Id. Based on the evidence provided, there is nothing "unusual" about the transactions underlying the preferential payments. It is undisputed that Bel Air is a business

dedicated to wood window and door manufacturing. It is also undisputed that Defendant is a business dedicated to the wholesale of glass and wood construction material. The evidence provided demonstrates that the Defendant has supplied the aforementioned materials to Bel Air on a consistent basis since 2007. In fact, seldom did a month pass by since March 2007 that Bel Air did not place multiple glass and wood construction material orders with the Defendant. Bel Air argues that there was no set payment pattern which can be interpreted as constituting an "ordinary course of business" defense. However, that counter-argument does not comport with Section 547(c)(2)(A)'s purpose. Without the "ordinary course of business" exception, "creditors would be reluctant to conduct business with a struggling enterprise for fear that any payments made by the debtor could later be avoided." O'Neill v. Nestle Libbys P.R., Inc., 729 F.2d 35, 37 (1st Cir. 1984). The simplest way to state the purpose of subsection (c)(2)(A) is as follows:

> Since this showing [that the transaction is ordinary] is required merely to assure that neither the debtor nor the creditor do anything abnormal to gain an advantage over other creditors, an extensive showing that such transactions occurred often, or even regularly, is not necessary. The transaction need not have been common; it need only be ordinary.

In re Valley Steel Corp., 182 B.R. 728, 735 (Bankr. W.D. Va. 1995) (citing Campbell v. Cannington (In re Economy Milling Co., Inc., 37 B.R. 914 (D.S.C.1983)). In the matter before the court, the transactions not only appear common, but also ordinary. Not only were multiple orders for glass and wood construction material made on a monthly basis, but the evidence provided demonstrates that payment was received upon delivery. Out of the over 100 transactions between the parties, the court was only presented with one exception to the parties' "payment upon delivery" norm. After analyzing the approximately four year business relationship, this Court concludes that the payment practices during the preference period were consistent with Defendant's argument that there is

sufficient evidence demonstrating a "payment upon delivery" course of dealing with Bel Air. Suffice it to say, a baseline of dealing has been established. As the Defendant has successfully established the "ordinary course of business" defense, no trial-worthy claims of material fact remain.

**IV. Conclusion**

WHEREFORE, IT IS ORDERED that Plaintiff's Motion for Summary Judgment shall be, and it hereby is DENIED. The Complaint is DISMISSED with prejudice. Clerk to enter Judgment.

SO ORDERED

San Juan, Puerto Rico, this 31st day of January, 2015.

Brian K. Tester
U.S. Bankruptcy Judge